Mr. Justice Richardson
delivered the opinion of the court:
The act regulating the method of obtaining writs of certiorari enacts, &c. (P. L. 373, J “ that the party desiring a writ of certiorari shall apply by petition to one of the Judges of the Circuit Court, setting forth the reasons of his or her desiring such writ, and shall make oath before a magistrate to the truth of the allegations of such petition ; and then such Judge may, under his hand, order or awai'd such writ to the party praying the same, or may Yefuse such writ, according as the matter may appear to fiya just and necessary, or n'ot. And the cleric of the *187 Circuit Court shall issue such writ, if ordered as aforesaid, and shall carefully file such petition and affidavit in the office, and shall also take bond from the petitioner in such penalty as shall be directed by the Judge ordering and .awarding such writ, payable to the adverse party, with one or more sufficient securities, for satisfying and paying all such sum or sums of money, with costs, as shall be adjudged to the adverse party in the cause to be removed. The question is, was the writ just and necessary ? The note declared upon by the plaintiff, had been given by Charles W. Doyley, styling himself executor of Daniel Doyley. The discount offered, consisted of several notes of D. Doyley, formerly discounted and credited to the plaintiff in 1816 ; several sums of money paid in 1821 5 and of two negroes taken in payment by the plaintiff: in all, equal to $ 5,737 00 ; to be set off against an account of $4,367 00 — leaving a balance of $1,370 00 due ZL Doyley, deceased. Before the writ of certiorari issues, it should appear that the defendant has both a competent and just defence, which can be adjudged better in this court than in the Inferior Court, and also better than iq any other court, where the case may be carried. In a word, the defence should be manifestly suitable and peculiarly proper for this court. Now the ease before us was against Charles TV. Doyley, personally, upon his note; and it was at least doubtful, whether the discount, being in autre droit, i. e. in- the right of the testator, D. Doy-. ley, could be set up as a defence at bar. Again, the account filed as a discount, seemed more properly to require the aid of a Courf of Equity, where this case may yet terminate. If so, the certiorari would probably only serve to create delay. It should be noticed too that this defence was not one arising out of the plaintiffs claim, but consisted of a cross action which may be instituted in another form in the Court of Law or Equity. So that the defendant cannot eventually lose his remedy.
The motion is therefore dismissed.
Justices Colcock, Nott and Gantt, concurrock